

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

```
FILED

APR 1 5 2009

CLERK, U.S. DISTRICT COURT
       NORFOLK, VA
```

MELVIN K. CRAWLEY, #341704

                   **Petitioner,**

v.                                         **2:08CV420**

**GENE M. JOHNSON, Director of the
Virginia Department of Corrections,**

                   **Respondent.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

#### A. Background

On October 15, 2002, in the Circuit Court for the City of Portsmouth, Virginia, petitioner was convicted of possession with intent to distribute cocaine and was sentenced to fifteen years imprisonment. Petitioner appealed to the Virginia Court of Appeals, but on November 1, 2004, the appeal was dismissed as untimely, and on November 22, 2004, the a motion for rehearing was denied. Petitioner then appealed to the Supreme Court of Virginia, which denied the appeal on March 8, 2005, and a petition for rehearing was denied on April 29, 2005.

On August 18, 2005, petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia. The court found that petitioner had been denied his right to appeal and granted him leave to file a delayed appeal. However, the court did not rule on the merits of

petitioner's claim of ineffective assistance of counsel.  The petition was dismissed without prejudice to petitioner's right to file a subsequent petition.

Petitioner filed a delayed appeal in the Virginia Court of Appeals, but on August 24, 2006, the appeal was denied by a single judge, and on October 26, 2006, the appeal was denied by a three-judge panel. On April 4, 2007, petitioner's appeal to the Supreme Court of Virginia was refused.

On July 19, 2007, petitioner filed a petition for writ of habeas corpus in this Court, but on April 11, 2008, the petition was dismissed, without prejudice, for failure to exhaust state court remedies.  On April 4, 2008, petitioner filed his second petition for writ of habeas corpus in the Supreme Court of Virginia, but on July 3, 2008, the petition was dismissed as untimely filed.

On August 21, 2008, petitioner filed his second federal habeas petition in this Court, and on November 7, 2008, respondent filed a motion to dismiss and Rule 5 answer.  This matter is now ripe for consideration.

### B.  Grounds Alleged

Petitioner alleges the following grounds:

1.    Ineffective assistance of counsel;

2.    Trial counsel was ineffective for failing to investigate the case;

3.    Petitioner's arrest was illegal; and

4.    Counsel was ineffective when he failed to perfect a proper appeal.


## II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

2

## A.   Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993). The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely. In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference. See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

## B.   Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

3

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law. In <u>Fields v. Murray</u>, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court. <u>See id.</u> at 1032-33 (citing <u>Rushen v. Spain</u>, 464 U.S. 114, 120 (1983); <u>Sumner v. Mata</u>, 455 U.S. 591, 598 (1982)). As stated in <u>Marshall v. Lonberger</u>, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record." <u>Id.</u> at 432.

## C.   Petitioner's Claims are Exhausted and are Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--

(A)   the applicant has exhausted the remedies available in the courts of the State; or

(B)(i)   there is an absence of available State corrective process; or

4

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

. . . .

(c)   An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)-(c) (2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings. See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421 U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see also Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513 U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir. 1997). Respondent concedes, and the Court agrees, that for purposes of federal review, petitioner's claims are exhausted.

## C.   The Petition is Not Barred by the Statute of Limitations.

Congress passed the Antiterrorism and Effective Death Penalty Act (AEDPA), and it was enacted on April 24, 1996, when signed by President Clinton. With the passage of the AEDPA, several modifications were made to habeas corpus law. Before the passage of the AEDPA, a prisoner could file a habeas corpus petition at any time. See Brown v. Angelone, 150 F.3d 370, 371 (4th Cir. 1998). However, the AEDPA created a statute of limitation for habeas corpus petitions. See 28 U.S.C. § 2244(d)(1) (2000); Brown, 150 F.3d at 375. The AEDPA provides that any person in custody pursuant to a state court judgment has a one-year

period of limitation for the filing of a writ of habeas corpus.   The period of limitation runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(1994).   The time during which state post-conviction or other collateral review is pending is not counted toward this period of limitation.   See id. § 2244(d)(2).

Respondent alleges that petitioner's claims are barred by the statute of limitations, but the Court disagrees.   Respondent argues that petitioner's state court judgment became final for purposes of federal review on July 3, 2007,[1] ninety days after the Supreme Court of Virginia refused petitioner's appeal.   However, respondent failed to note that on July 19, 2007, sixteen days after the federal time began to run, petitioner filed a habeas petition in this Court.   On April 11, 2008, the petition was dismissed for petitioner's failure to exhaust his state court remedies.   Since the petition was dismissed without prejudice,

---

[1] A state prisoner's conviction becomes final ninety days after the highest state court hands down its opinion, which begins the period for filing a petition for writ of certiorari in the United States Supreme Court or on the date that certiorari is denied by the Supreme Court.   See Harris v. Hutchinson, 209 F.3d 325, 238 (4th Cir. 2000).

petitioner's federal time was tolled during the time his first federal habeas was pending. However, on April 11, 2008, when the federal petition was dismissed, the federal time once again began to run. At that point, petitioner had 349 days, or until March 26, 2009, to file his subsequent federal petition. Petitioner filed his second federal petition on August 21, 2008, well within the time period. The petition is not barred by the statute of limitations, therefore, the Court will rule on the merits and/or procedural default of the petition.

## D.  Petitioner did not receive ineffective assistance of counsel.

The standards upon which claims of ineffective assistance of counsel are to be judged are relatively clear. They were established in Strickland v. Washington, 466 U.S. 668 (1984), and have been applied on numerous occasions by this Court. In Strickland, the Supreme Court approved as the proper standard for attorney performance that of "reasonably effective assistance." Id. at 687. The Court stated:

> The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.
>
> . . . .
>
> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in

the adversary process that renders the result
unreliable.

Id. at 686-87.

There are, therefore, two elements of the Strickland test,
each of which must be met before the conduct of counsel can be found
constitutionally defective. First, petitioner must show that he received
deficient legal representation, measuring the competency of his counsel
against what "an objectively reasonable attorney would have done under
the circumstances existing at the time of the representation." Savino
v. Murray, 82 F.3d 593, 599 (4th Cir. 1996). Petitioner must also show
actual prejudice; that is, he "must demonstrate that the error worked to
his 'actual and substantial disadvantage,' not merely that the error
created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561,
572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494 (1986);
Poyner v. Murray, 964 F.2d 1404, 1425 (4th Cir. 1992)).

The burden on petitioner is to show "that there is a
reasonable probability that, but for counsel's unprofessional errors, the
result of the proceeding would have been different." Strickland, 466
U.S. at 694. That translates into a reasonable probability that "absent
the errors, the factfinder would have had a reasonable doubt respecting
guilt." Id. at 695.

In analyzing trial counsel's performance under the
"deficiency" prong of Strickland, a reviewing court is required to be
highly deferential in scrutinizing counsel's tactics. See Bennett v.
Angelone, 92 F.3d 1336, 1349 (4th Cir. 1996). Further, reviewing courts
are admonished to "not permit the benefit of hindsight to impact . . .
review." Bell v. Evatt, 72 F.3d 421, 429 (4th Cir. 1995)(citing
Strickland, 466 U.S. at 689).

8

Petitioner alleges that he received ineffective assistance from trial counsel (Claim 1); that trial counsel was ineffective for failing to properly investigate the case (Claim 2); and that appellate counsel was ineffective for failing to properly file petitioner's appeal (Claim 4). Petitioner has the burden to show "that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687. However, petitioner has failed to assert any support for the claims and, therefore, has failed to meet either prong of Strickland, both of which are necessary to grant relief. Id. Since petitioner has failed to set forth any support for the claims, they should be DISMISSED.

### E.   Claims 1, 2, and 4 are procedurally defaulted.

Under Virginia law, a claim included in a petition for habeas corpus will be barred if an objection was not raised at trial and the objection presented on direct appeal. In Coppola v. Warden of Virginia State Penitentiary, 282 S.E.2d 10 (Va. 1981), the Supreme Court of Virginia held that to preserve an issue for appeal and for a habeas corpus proceeding, the issue must be timely objected to at trial. Rule 5:25 of the Supreme Court of Virginia states the contemporaneous objection rule:

> Error will not be sustained to any ruling of the trial court or the commission before which the case was initially tried unless the objection was stated with reasonable certainty at the time of the ruling
> . . . .

Va. S.Ct. R. 5:25.

The Supreme Court has stated that: "Under Virginia law, failure to raise a claim on direct appeal from a criminal conviction ordinarily bars consideration of that claim in any subsequent state

proceeding." <u>Smith v. Murray</u>, 477 U.S. 527, 533 (1986). The Fourth
Circuit has held that if a claim is procedurally barred in Virginia
courts because it was not brought on direct appeal, it will also be
barred in the federal system. <u>Bassette v. Thompson</u>, 915 F.2d 932 (4th
Cir. 1990).[2] In <u>Whitley v. Bair</u>, 802 F.2d 1487 (4th Cir. 1986), the court
held that the failure of an inmate to directly appeal his conviction to
the Supreme Court deprives

> the Virginia Supreme Court of the opportunity to
> rule on the merits of his claims. We consider such
> failure to constitute a violation of the
> requirements of Rule 5:21, which applies to appeals
> of all Virginia cases, civil or criminal, and
> conclude that such violation constitutes a
> procedural default sufficient to preclude federal
> court review of the merits . . . .

<u>Id.</u> at 1502 (<u>citing</u> Va. S.Ct. R. 5:21, <u>repealed and reinstated in
substantially similar form as</u>, Va. S.Ct. R. 5:17, 5:25). In <u>Slayton v.
Parrigan</u>, 205 S.E.2d 680, 682 (Va. 1974), the Virginia Supreme Court
stated a similar proposition: "[a] petition for a writ of habeas corpus
may not be employed as a substitute for an appeal or a writ of error."
The Supreme Court of the United States recently addressed the same issue
in <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991). The Court held that the
doctrine of procedural default will bar a federal habeas petition when
a prisoner fails to meet a state procedural requirement. <u>Id.</u> at 750.
Speaking for the Court, Justice O'Connor said:

> We now make it explicit: In all cases in which
> a state prisoner has defaulted his federal claims
> in state court pursuant to an independent and
> adequate state procedural rule, federal habeas
> review of the claims is barred unless the prisoner

---

[2] The court in <u>Bassette</u> relied on section 8.01-654(B)(2) of the
Virginia Code. <u>Bassette</u>, 915 F.2d at 936. Section 654 (B)(2) states: "No writ
shall be granted on the basis of any allegation the facts of which petitioner had
knowledge at the time of filing any previous petition." VA. CODE ANN. § 8.01-654
(B)(2)(Michie 1992).

> can demonstrate cause for the default and actual
> prejudice as a result of the alleged violation of
> federal law, or demonstrate that failure to
> consider the claims will result in a fundamental
> miscarriage of justice. . . . We now recognize the
> important interest in finality served by state
> procedural rules, and the significant harm to the
> States that results from the failure of federal
> courts to respect them.

Id. at 750.

Moreover, the federal court is required to dismiss a procedurally defaulted claim absent a showing of justifiable cause resulting in actual prejudice. Wainwright v. Sykes, 433 U.S. 72 (1977). Petitioner has not made a showing of justifiable cause for his failure to appeal the aforementioned issues to the Court of Appeals and the Supreme Court of Virginia. Therefore, the issue of actual prejudice need not be addressed.

Even if petitioner had provided support for Claims 1, 2, and 4, they are not eligible for federal review. While the claims were raised in petitioner's second habeas petition to the Supreme Court of Virginia, the petition was dismissed on July 3, 2008, as untimely. Since petitioner has not made a showing of justifiable cause for his failure to timely appeal the claims to the Supreme Court of Virginia, the issue of actual prejudice need not be addressed. The claims are procedurally defaulted and should be DISMISSED.

### G.  Claim 3 is noncognizable.

In Stone v. Powell, 428, U.S. 465, 494 (1979), the Court determined that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas relief on the ground that evidence obtained in an

unconstitutional search or seizure was introduced at his trial." Further, the Court has determined that "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

Petitioner alleges that his arrest was illegal. Although petitioner claims that he did not receive a fair hearing at trial or on direct appeal, he argues that the trial and appellate courts wrongly decided his Fourth Amendment claim. Both the Circuit Court of Portsmouth and the Virginia Court of Appeals determined that the police had probable cause to arrest petitioner. Crawley v. Commonwealth, Va. Ct. App. Ord at 2 (Aug. 24, 2006). Subsequently, on April 4, 2007, the Supreme Court of Virginia refused petitioner's appeal of the issue. Thus, pursuant to Stone and Ylst, Claim 3 is not cognizable in federal habeas and should, therefore, be DISMISSED.

### III.   RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV.   REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(d) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).


/s/
James E. Bradberry
United States Magistrate Judge

Norfolk, Virginia

April 14, 2009

Clerk's Mailing Certificate

A copy of the foregoing Report was mailed this date to each of the following:

Melvin K. Crawley, #341704, pro se
Greensville Correctional Center
901 Corrections Way
Jarratt, VA  23870

13

Rosemary V. Bourne, Esq.
Assistant Attorney General of Virginia
900 E. Main Street
Richmond, VA  23219

Fernando Galindo, Clerk

By _____

Deputy Clerk

_April 15_____, 2009

14